**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**JAMES A. HATHORN,**

     **Plaintiff,**

     **v.**                              **CASE NO.  17-3018-SAC-DJW**

**MEAGAN SHIPLEY,**

     **Defendant.**


## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff James A. Hathorn is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I.  Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is currently detained in the Douglas County Jail in Lawrence, Kansas.  Plaintiff filed a Complaint (Doc. 1), alleging the following.  On December 23, 2015, Defendant Meagan Shipley, a law enforcement officer with the Lawrence Police Department, struck Plaintiff's car as he drove Eastbound on K-10 from Eudora to Johnson County.  Plaintiff claims that he was "blinded by bright head lights on the rear of [him] when suddenly [he] was struck by the same vehicle with the headlights on by a pit-manuevered fashion."  (Doc. 1, at 2.)  Plaintiff alleges that the impact of the hit turned his car onto the median travelling in the opposite Westbound direction, causing a semi-truck to collide with the passenger side of Plaintiff's vehicle and causing Plaintiff to suffer severe injuries.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The claim alleged in Plaintiff's Complaint is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation.  His claim suggests that Defendant Shipley was negligent.  Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983.  In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007).  "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).  Plaintiff makes no reference to any federal constitutional provision or federal law in the alleged claim.  He may believe that the U.S. Constitution was violated but simply failed to specify the constitutional provision.  However, the Court is not free to "construct a legal theory on a plaintiff's behalf."

## IV.  Response and/or Amended Complaint Required

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety for failure to state a claim.  Plaintiff is therefore required to show good cause why his Complaint (Doc. 1) should not be dismissed for the reasons stated herein.  The failure to file a timely, specific response waives de novo review by the District Judge, *see Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Col. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999).

Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.[1]  Plaintiff is given

---

[1]  In order to add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete Amended Complaint.  *See* Fed. R. Civ. P. 15.  An Amended Complaint is not simply an addendum to the original

time to file a complete and proper Amended Complaint in which he (1) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court, and (2) alleges sufficient facts to show personal participation by each named defendant. If Plaintiff does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 30, 2017,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **July 14, 2017**, in which to file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to plaintiff.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas on this 8th day of June, 2017.**


**s/ David J. Waxse**
**David J. Waxse**
**U. S. Magistrate Judge**

---

complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the Amended Complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (17-3018-SAC-DJW) at the top of the first page of his Amended Complaint and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.