IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES A. HATHORN,

    **Plaintiff,**

    v.                                    CASE NO. 17-3018-SAC-DJW

MEAGAN SHIPLEY,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On June 8, 2017, Magistrate Judge Waxse entered a Notice and Order to Show Cause (Doc. 4) ("NOSC"), ordering Plaintiff to show cause by June 30, 2017, why this case should not be dismissed for failure to allege a federal constitutional violation. The NOSC also granted Plaintiff until July 14, 2017, to file an amended complaint. The Court mailed the NOSC to Plaintiff on June 8, 2017, at his current address of record with the Court. The Court's mailing of the NOSC to Plaintiff was returned as undeliverable. (Doc. 5.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Plaintiff has failed to provide the Court with a Notice of Change of Address and failed to file a response to the NOSC or an amended complaint within the allowed time.

The NOSC notes that Plaintiff's claim suggests that Defendant Shipley was negligent, and violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C.

1

§ 1983.  In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law."  *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007).  "[A] violation of state law alone does not give rise to a federal cause of action under § 1983."  *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).  Plaintiff makes no reference to any federal constitutional provision or federal law in the alleged claim.  He may believe that the U.S. Constitution was violated but simply failed to specify the constitutional provision.  However, the Court is not free to "construct a legal theory on a plaintiff's behalf."  Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 18th day of July, 2017.**

> s/ Sam A. Crow
> SAM A. CROW
> U. S. Senior District Judge